FILED
2014 Aug-12  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RANDALL MCGRAW,           ) | |
|                           ) | |
| Plaintiff,            ) | |
|                           ) | |
| vs.                       ) | 5:13-CV-00498-LSC |
|                           ) | |
| CAROLYN W. COLVIN,        ) | |
| Commissioner of Social Security,  ) | |
|                           ) | |
| Defendant.            ) | |

MEMORANDUM OF OPINION

I.   Introduction

The plaintiff, Randall McGraw, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB"). Mr. McGraw timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. McGraw was thirty-four years old at the time of the Administrative Law Judge's ("ALJ's") decision. (Tr. at 30.) He has at least a high school education. (Tr. at 41.) His past work experiences include employment as a restaurant manager, oil lube technician, and counter clerk. (Tr. at 43-44.) Mr. McGraw claims that he became

disabled on July 15, 2009 (tr. at 67), due to chronic post-traumatic stress disorder (PTSD), cervical fusion of C-5 and C-6, and complex regional pain syndrome in his left ankle. (Tr. at 175.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. McGraw meets the nondisability requirements for a period of disability and DIB, and was insured through the date of her decision. (Tr. at 24.) She further determined that Mr. McGraw has not engaged in substantial gainful activity since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's complex regional pain syndrome,

status-post cervical spine fusion, cervicalgia, tendonitis of the rotator cuff, and PTSD are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, she found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 25.) The ALJ determined that Mr. McGraw has the following RFC: sedentary work with a sit/stand at will option, except only occasional balancing, climbing, stooping, kneeling, crouching, crawling, reaching overhead, and co-worker interaction, with no ladders, operation of foot controls, or public interaction. (Tr. at 26-27.)

The ALJ found that Mr. McGraw is unable to perform any of his past relevant work, and that he is a "younger individual," as that term is defined by 20 C.F.R. § 404.1563. (Tr. at 30.) She determined that the transferability of job skills is not material to this case. (*Id.*) Using a vocational expert's ("VE's") testimony that, given the Plaintiff's RFC, age, education, and work experience, he would be able to perform the requirements of assembler (60,000 jobs), hand packager (225,000 jobs), and sorter (52,000 jobs), and in conjunction with the Medical-Vocational Guidelines (20 C.F.R. Part 404, Subpart P, Appendix 2), she determined that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national

economy. (Tr. at 31.) The ALJ concluded that a finding of "not disabled" was appropriate under the framework of the above-cited rule. (*Id.*)

II.     Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against

the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion

Mr. McGraw sets forth several sub-arguments in support of an overarching argument that the ALJ should have found at step three that his complex regional pain syndrome medically equaled a listed impairment.

Step three of the evaluation process calls for the ALJ to make a determination of whether the claimant's medically determinable impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the ALJ finds that the claimant's impairment meets or medically equals the criteria of a Listing, then the claimant is found to be disabled and the evaluation stops. *Id.*  It is the claimant's burden to show that his impairment meets or equals a listed impairment. *See Barron*

*v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991). The regulations make clear that, as a general matter, the claimant must provide the evidence to support his claim. *See* 20 C.F.R. §§ 404.1512(c), 404.1516. "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); *see* 20 C.F.R. § 404.1526(a); *Wilson*, 284 F.3d at 1224. "A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Sullivan*, 493 U.S. at 531-32.

In this case, Plaintiff did not meet his burden of showing that his complex regional pain syndrome[1] medically equaled one of the Listings. As an initial matter, Plaintiff failed to identify a listed impairment(s) that his condition purportedly equals. While Plaintiff may believe that his complex regional pain syndrome medically equals

---

[1] "Complex regional pain syndrome is an uncommon form of chronic pain that usually affects an arm or leg. Complex regional pain syndrome typically develops after an injury, surgery, stroke or heart attack, but the pain is out of proportion to the severity of the initial injury, if any." Mayo Clinic, Complex Regional Pain Syndrome, http://www.mayoclinic.com/health/complex-regional-pain-syndrome/DS00265; *see* SSR 03-2p, 2003 WL 22399117, at *1 (S.S.A. 2003) (complex regional pain syndrome "is a chronic pain syndrome most often resulting from trauma to a single extremity. It can also result from diseases, surgery, or injury affecting other parts of the body.").

one of the listed impairments, it was his burden to present evidence to show how this impairment medically equals a particular Listing. Even if Plaintiff had identified one of the Listings, he did not present evidence showing that his complex regional pain syndrome is equal in severity to the requirements in any listed impairment, nor does he present evidence establishing that his condition medically equals one of the specific Listings discussed by the ALJ.  Plaintiff also fails to describe how he is impacted by complex regional pain syndrome, identifying only the symptoms "typically report[ed]" by patients experiencing complex regional pain syndrome.  This is not sufficient to establish presumptive disability. Without identifying which Listing(s) his impairment purportedly equals or presenting evidence establishing that his impairment is equal in severity to a particular Listing, Plaintiff has failed to show that his condition medically equals a listed impairment.

Rather than identify a particular Listing and establish that the evidence is at least equal in severity and duration to the criteria of that Listing, Plaintiff offers several arguments as to why he believes the ALJ failed to follow the proper legal standards with regard to step three of the sequential evaluation.

    A.    Recitation of the Medical Equivalence Standard

Plaintiff contends that the ALJ failed to properly execute step three because she did not "recite or apply the medical equivalence standard" as it pertains to his impairments in combination, and therefore did not consider whether his combined impairments medically equal a listing. However, 20 C.F.R. § 404.1526 does not require an articulation of the standard for determining medical equivalence, and Plaintiff has cited to no authority requiring the ALJ to expressly articulate such standards. *See Kalishek v. Comm'r of Soc. Sec.*, 470 F. App'x 868, 870 (11th Cir. 2012) ("[W]hile the ALJ must consider the Listings in making its disability determination, 'it is not required that the [ALJ] mechanically recite the evidence leading to [its] determination.'") (citation omitted); *see also Keane v. Comm'r of Soc. Sec.*, 205 F. App'x 748, 751 (11th Cir. 2006) (upheld ALJ's implicit decision that the claimant did not establish that his impairment met or equaled Listing 4.04C); *Johnson v. Barnhart*, 148 F. App'x 838, 842 (11th Cir. 2005) (rejecting the claimant's argument that an ALJ had erred by not explaining his reasoning concerning whether a claimant met or equaled a listed impairment).

Although Plaintiff suggests that the ALJ did not comply with Social Security Ruling ("SSR") 03-2p, the ruling pertaining to complex regional pain syndrome, SSR 03-2p does not include any express articulation requirements related to medical

equivalence, and the ALJ's decision complies with this ruling. SSR 03-2p states in relevant part:

> Proceeding with the sequential evaluation process, when an individual is found to have a medically determinable impairment that is "severe," the adjudicator must next consider whether the individual's impairment(s) meets or equals the requirements of the Listing of Impairments contained in appendix 1, subpart P of 20 CFR part 404. Since RSDS/complex regional pain syndrome is not a listed impairment, an individual with RSDS/complex regional pain syndrome alone cannot be found to have an impairment that meets the requirements of a listed impairment. However, the specific findings in each case should be compared to any pertinent listing to determine whether medical equivalence may exist.

SSR 03-2p, 2003 WL 22399117, at *6.

The ALJ followed this ruling. The ALJ indicated that she examined and considered all listed impairments with "specific attention" to Listings 1.02, 1.04, and 12.06. (Tr. at 25-26.) Given that Plaintiff's complex regional pain syndrome impacts his left leg and left foot/ankle (tr. at 48, 267), the ALJ appropriately considered the Listings for musculoskeletal conditions set forth in Listing 1.00. (Tr. at 25). While Plaintiff disagrees with the ALJ's finding on medical equivalence, he has not shown that his complex regional pain syndrome, either individually or in combination with his other impairments, medically equals Listing 1.02, 1.04, or 12.06, and he has not identified another listed impairment that warranted greater attention.

B.     Duty to Consult a Medical Expert

Plaintiff also contends that the ALJ had a duty to consult a medical expert ("ME") with regard to the combined effect of Plaintiff's impairments before making the determination that they do not medically equal a Listing. The regulations provide that, when considering if an impairment medically equals a listing, the ALJ will consider all evidence in the case record and the opinion evidence from at least one state agency medical or psychological consultant. *See* 20 C.F.R. § 404.1526(c). In addition, the regulations specify that an ALJ *may* ask for an opinion from an ME on whether an impairment equals the requirements of a Listing. *See* 20 C.F.R. § 404.1527(e)(2)(iii) (emphasis added). Plaintiff cites to SSR 96-6p as authority for his assertion that an ME was required. SSR 96-6p states, in relevant part, "[a]n updated medical expert opinion must be obtained by the administrative law judge or the Appeals Council before a decision of disability based on medical equivalence can be made." SSR 96-7p, 1996 WL 374186. However, this ruling specifies that an updated opinion from an ME is only required when (1) additional medical evidence has been introduced after the state agency review, and (2) in the opinion of the ALJ, such evidence may change the state agency consultant's prior finding that a claimant's impairment does not equal a Listing. *See* SSR 96-6p, 1996 WL 374180, at *3-4. The

ALJ is not required to obtain an updated medical judgment from an ME simply because the ALJ is in receipt of additional medical evidence, and while Plaintiff may believe an ME was necessary to determine medial equivalence, the regulations are clear that the ALJ is responsible for deciding medical equivalence. *See* 20 C.F.R. § 404.1526(e).

In this case, the ALJ considered the state agency evidence when making his finding (tr. at 25), and Plaintiff did not identify any additional medical evidence that would prompt the ALJ to seek an updated medical opinion regarding medical equivalence. Accordingly, an updated medical opinion on medical equivalence from an ME is neither required nor warranted.

    C.    Duty to Obtain a Consultative Examination

Plaintiff also argues in passing that the ALJ could have also obtained a consultative examination to help her make an informed decision on whether his impairments equaled a Listing. However, the Eleventh Circuit has explained that, although the ALJ has a duty to develop the record where appropriate, he is not required to order a consultative examination so long as the record contains sufficient evidence allowing him to make an informed decision. *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007). Plaintiff has failed to establish how the

evidence before the ALJ was insufficient for him to reach his finding that Plaintiff's impairments did not medical equal one of the Listings, such that the ALJ should have ordered a consultative examination.

### D. Duty to Consider an Opinion from the Department of Veterans Affairs

Plaintiff also appears to argue that the ALJ should have given greater deference to his November 2011 determination from the Department of Veterans Affairs ("VA") that he has an overall service connected disability ("SCD") of 70%, with a 10% SCD rating for complex regional pain syndrome. (Tr. at 256, 258-59)).

The regulations provide that a decision by another governmental agency about whether a claimant is disabled is not binding on the Commissioner. *See* 20 C.F.R. § 404.1504. However, SSR 06-03p requires that "evidence of a disability decision by another governmental or non-governmental agency cannot be ignored and must be considered." 2006 WL 2329939, at *6 (S.S.A. 2006). The ruling indicates that the ALJ "should explain the consideration given to the decisions from governmental agencies in the notice of decision for hearing cases." *Id.* at *7; *see also Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. Mar. 1981) ("A VA rating is certainly not binding on the [Commissioner], but it is evidence that should be considered and is entitled to great weight").

In his decision, the ALJ properly considered Plaintiff's November 2011 VA decision and specifically discussed the VA's determination to give a 10% SCD rating for his regional pain syndrome in his left ankle/foot. (Tr. at 30, 256-71). The VA decision indicates that the 10% SCD rating is because his left foot injury "results in moderate symptoms" and that a 20% rating "is not warranted unless [the] foot injury results in moderately severe symptoms." (Tr. at 267). The ALJ concluded that the VA decision was not contradictory to the RFC finding for a reduced range of sedentary work with a sit/stand option. (Tr. at 26, 30.) While the ALJ did not state that he gave "great weight" to the VA decision, the Eleventh Circuit has affirmed the Commissioner even when the ALJ did not specifically state that he gave great weight to the VA's disability ratings because the ALJ may implicitly make that determination. *See Kemp v. Astrue*, 308 F. F' Appx 423, 426 (11th Cir. 2009). Plaintiff may disagree with the ALJ's articulation of the VA decision, but he has not shown that the ALJ did not consider Plaintiff's 10% SCD rating for regional pain syndrome or that this SCD rating demonstrates medical equivalence to a listed impairment.

IV.   Conclusion

Upon review of the administrative record, and considering all of Mr. McGraw's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 12th day of August 2014.

L. Scott Coogler
United States District Judge
[160704]